1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3  21031 Ventura Blvd, Suite 340
   Woodland Hills, CA 91364
4  Phone: 323-306-4234
   Fax: 866-633-0228
5  tfriedman@toddflaw.com
   abacon@toddflaw.com
6  *Attorneys for Plaintiff*

7

8              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
9

10  DAVID ABITBOL; individually and on  ) Case No. 2:23−cv−06229−RGK−BFM
    behalf of all others similarly situated,  )
11                                             )
    Plaintiff,                                 )
12                                             ) **Joint Rule 26(f) Report**
                                               )
13       vs.                                   )
                                               )
14  SENIOR LIFE SERVICES, INC., and           )
    DOES 1 through 10, inclusive, and each   )
15  of them,                                   )
                                               ) **Honorable Judge R. Gary Klausner**
16  Defendant.                                 )
                                               )
17                                             )

18

19       Pursuant to the Court's Order Setting Rule 16(b)/26(f)
20  Scheduling Conference (Dkt. #11), Plaintiff, David Abitbol ("Plaintiff"), and
21  Defendant, Senior Life Services, Inc., ("Defendant"), hereby submit Joint Rule
22  26(f) Report.

---

JOINT RULE 26(f) REPORT
-1-

161814699v1

## 1. STATEMENT OF THE CASE

Plaintiff:

Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently and willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") and related regulations.

Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -6443. Plaintiff has never had a business relationship with Defendant. Plaintiff never provided Defendant with prior express consent to contact him on his phone via a telephone call. Plaintiff's telephone number ending in -6443 has been on the national Do Not Call list since on or about February 18, 2020.

Nonetheless, on various instances including on January 16, 2021; January 18, 2021; and February 3, 2021, Defendant and its agents called Plaintiff multiple times on his cell phone, attempting to sell Plaintiff life insurance. Plaintiff answered some of these calls, at which time he heard a click, and thereafter heard a live representative of Defendant begin speaking. Defendant and its agent utilized both an "automatic telephone dialing system" ("ATDS") to initiate calls to Plaintiff and Class Members, and a prerecorded voice to communicate sales pitch messages to Plaintiff and Class Members. Plaintiff and Class Members never provided express consent to Defendant prior to Defendant placing the calls to Plaintiff. As such, both acts (use of ATDS and prerecorded voice calls) give rise to separate claims for violation of the TCPA.

-2-

161814699v1

Defendant's representatives then made various attempts to sell Plaintiff and Class Members its services. The calls Defendant made to Plaintiff and Class Members violated 47 U.S.C. § 227(b)-(c).

<u>Defendant</u>: Defendant denies Plaintiff's allegations. Defendant obtains prior express written consent to contact possible clients via telephone, including in the instance of Plaintiff. This constitutes a complete defense to Plaintiff's claims that Defendant in any way violated the Telephone Consumer Protection Act.

Defendant further denies Plaintiff's characterization that it used an Automated Telephone Dialing System ("ATDS") as that term is currently defined under the TCPA and it's relevant case law, including the United States Supreme Court case of *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). Plaintiff is pushing an unorthodox interpretation of an ATDS that is unsupported by case law. The Court should reject this interpretation.

Finally, this matter is not a candidate for class certification for several reasons, not the least of which is Plaintiff is not a viable class representative given the aforementioned prior express written consent and other reasons to be unearthed during discovery.

## 2.  SUBJECT MATTER JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and Plaintiff resides within this district.

3. **LEGAL ISSUES**

<u>Plaintiff</u>:

The legal issues in dispute in this matter are as follows:

- Whether Defendant used an "automatic telephone dialing system," ("ATDS") in the alleged communications, as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A);
- Whether Defendant utilized a "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A);
- Whether Defendant's communications constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i);
- Whether Defendant and their agents received Plaintiff's and the Class' prior express consent to receive unsolicited calls, pursuant to 47 U.S.C. § 227 (b)(1)(A);
- Whether there was an established business relationship between Defendant and the members of the DNC class;
- Whether Defendant's communications, or its agents, violated 47 U.S.C. § 227(b)(1) and 47 U.S.C. § 227(c);
- Whether this action meets the class requirements set forth in Fed. R. Civ. P. 23;

<u>Defendant</u>: Defendant agrees with the legal issues presented by Plaintiff above.

4. **PARTIES AND NON-PARTY WITNESSES**

<u>Plaintiff</u>:

Parties: Plaintiff, David Abitbol. Defendant Senior Life Services, Inc.

Witnesses: Plaintiff, David Abitbol. Plaintiff reserves the right to name additional witnesses should the need arise to do so, such as to incorporate facts obtained during discovery. Plaintiff also expects to depose Defendant's Federal Rule of Civil Procedure 30(b)(6) witness(es).

Defendant: Defendant agrees with the witnesses outlined by Plaintiff above. Defendant further anticipates the need for expert witnesses given some of the novel arguments made Plaintiff. Experts may also be necessary for class identification and certification.

5. **RELIEF**

Plaintiff:

Pursuant to 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each ATDS Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and for himself and each ATDS Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C). Pursuant to 47 U.S.C. §227(c)(5), Plaintiff seeks for himself and each DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5)(B), and for himself and each DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5)(C). The realistic range of probable damages is difficult to calculate in light of the allegations of a Class whose size is not yet determined.

Defendant: Defendant denies Plaintiff is entitled to any relief and seeks the denial of any recovery. Defendant seeks the costs of this action, and, in some instances, may seek the recovery of its attorney's fees.

**6. INSURANCE COVERAGE:**

Plaintiff: Not to Plaintiff's knowledge at this stage of litigation.

Defendant: Not to Defendant's knowledge at this stage of litigation.

**7. ANTICIPATED MOTIONS AND SCHEDULING OF MOTIONS**

Plaintiff:

Plaintiff intends to file a motion for class certification at the appropriate juncture. Plaintiff expects to file a motion for class certification by August 23, 2024.

Defendant: Defendant anticipates filing a Motion for Summary Judgment.

**8. MANUAL FOR COMPLEX LITIGATION**

Plaintiff:

Plaintiff does not propose the use of the Manual for Complex Litigation for this matter.

Defendant:

Defendant does not propose the use of the Manual for Complex Litigation for this matter.

**9. DISCOVERY SCHEDULE**

Plaintiff:

(1) Plaintiff anticipates serving interrogatories, requests for production, and requests for admission to Defendant's alleged communications and use of an "ATDS", Defendant's inclusion of "prerecorded voice" in its calls to Plaintiff and Class Members, Defendant's failure to obtain consent from Plaintiff and Class Members, Class size and contact information, Defendants' policies and practices

relating to compliance with applicable law, and other related issues. Plaintiff further anticipates taking the deposition of Defendants' representative with the most knowledge of such issues.

(2) Plaintiff does not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure.

Defendant:

(1) Defendant anticipates serving interrogatories, requests for production, and requests for admission to Plaintiff's prior express written consent and other matters. Defendant further anticipates taking the deposition of Plaintiff.

(2) Defendant does not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure.

### 10. EXPERT DISCOVERY

Plaintiff:

Plaintiff expects to retain an expert to analyze Defendant's outbound dial list records, and a class member identification expert to run reverse look-up phone number searches.

Defendant:

Defendant anticipates retain an expert to rebut any expert retained by Plaintiff, and to further provide an opinion on Plaintiff's novel interpretation of an ATDS.

### 11. ANTICIPATED DISPOSITIVE MOTIONS

Plaintiff:

Plaintiff anticipates filing a summary judgment motion after class certification has been decided and notice has been sent to the class.

161814699v1

Defendant:

Defendant anticipates filing a motion for summary judgment as to the prior express written consent provided by Plaintiff.

12. **SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff:

Plaintiff is amenable to private dispute resolution discussions with Defendant, including private mediation and/or informal settlement discussions.

Defendant:

Defendant is amenable to private dispute resolution discussions with Plaintiff, including private mediation and/or informal settlement discussions. The Parties are currently engaged in discussions of an early resolution.

13. **TRIAL ESTIMATE**

Plaintiff:

Plaintiff anticipates that the jury trial of this matter will require approximately five to seven (5-7) court days. Plaintiff contemplates calling 2-3 witnesses at trial.

Defendant:

Defendant anticipates that the jury trial of this matter will require approximately two to three (2-3) court days. Defendant contemplates calling 2-3 witnesses at trial.

14. **TRIAL COUNSEL**

Plaintiff:

Todd M. Friedman, Esq.; Adrian R. Bacon, Esq. – Law Offices of Todd M.

Friedman, P.C.

<u>Defendant:</u>

James A. Peterson, Esq., Peterson Legal P.A.

### 15. SCHEDULING

<u>Plaintiff:</u>

Plaintiff proposes the following discovery, pretrial conference, trial, and cut-off dates:

- Amendments to pleadings: January 15, 2024;
- Filing of any motion for class certification: August 23, 2024;
- Fact discovery cut-off: October 1, 2024;
- Initial expert reports (if needed): October 7, 2024;
- Rebuttal expert reports (if needed): October 21, 2024;
- Expert discovery cut-off: November 4, 2024;
- Hearings on Motions: November 25, 2024;
- Pre-trial conference: Week of December 2, 2024;
- Tentative date for trial: Week of December 9, 2024.

Dated: November 20, 2023          **Law Offices of Todd M. Friedman, P.C.**

By: /s/ Todd M. Friedman
　　Todd M. Friedman, Esq.
　　Attorney for Plaintiff

161814699v1

Dated: November 20, 2023   **Peterson Legal P.A.**

By: <u>/s/James A. Peterson</u>
**James A. Peterson, Esq.**
Attorneys for Defendant Senior Life Services, Inc.

Filed electronically on this 20th Day of November, 2023, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Judge R. Gary Klausner
United States District Court
Central District of California

And all Counsel of Record as recorded on the Electronic Service List.

This 20th Day of November, 2023

/s/Todd M. Friedman, Esq.
  Todd M. Friedman

161814699v1